ALLACCESS LAW GROUP
Irene Karbelashvili, State Bar Number 232223
irene@allaccesslawgroup.com
Irakli Karbelashvili, State Bar Number 302971
irakli@allaccesslawgroup.com
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for DEBRA VOLLE, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA VOLLE,<br>        Plaintiff,<br><br>vs.<br><br>MONTEREY GAS CORPORATION;<br>LAM B. PHAM; LUYEN H. PHAM,<br><br>        Defendants. | Case No. 23-cv-506<br><br>*Civil Rights*<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>1. Violations of Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. 12101 et seq.)<br><br>2. Violations of the California Unruh Act (Cal. Civil Code § 51 et seq.)<br><br>3. Violations of the California Health and Safety Code, §§19955 et seq.<br><br>**DEMAND FOR JURY TRIAL** |

Complaint for Injunctive and Declaratory Relief and Damages
1

1. Plaintiff DEBRA VOLLE ("Plaintiff") complains of Defendants MONTEREY GAS CORPORATION; LAM B. PHAM; and LUYEN H. PHAM ("Defendants") as follows:

## INTRODUCTION

1. This is a civil rights action involving the lack of disabled access to the building, structure, facility, complex, property, land, development, and/or business complex known as "Monterey Galero" located at or about: 5260 Monterey Hwy San Jose, CA 95111 ("Valero").

2. Plaintiff is physically disabled and relies on a scooter for mobility.

3. Defendants' lack of accessible facilities denies "full and equal" access required by Title III of the Americans with Disabilities Act of 1990 and supplemental California civil rights laws. As a result, Plaintiff has been denied full and equal access to the Valero and has been embarrassed and humiliated. Plaintiff seeks declaratory and injunctive relief requiring full and equal access under the Americans with Disabilities Act of 1990 ("ADA") and California law and damages under California law. Plaintiff also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs under federal and state law.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 for violations of the ADA, 42 U.S.C. §§ 12101 *et seq*. Under supplemental jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including, but not limited to, violations of Health and Safety Code and the Unruh Civil Rights Act.

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is in this District and that Plaintiff's causes of action arose in this District.

6. **Intradistrict Assignment:** This case should be assigned to the San Jose Division of the Northern District of California, as the real property which is the subject of this action is in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

**PARTIES**

7. Plaintiff is a person with physical disabilities, as defined by all applicable California and United States laws. Plaintiff has been physically disabled for over a decade after undergoing multiple back surgeries that severed a nerve. As a result, she is substantially limited in her ability to walk and depends on a scooter, a walker, and a cane for mobility. Plaintiff possesses a disabled parking placard and is a resident of San Jose, California.

8. Defendants have at all relevant times been the owners, operators, lessors and/or lessees of the subject business, property, and building at all times relevant to this Complaint.

9. Plaintiff is informed, believes, and alleges that each Defendant is and was, at all times relevant, the agent, employee, or representative of each other Defendants. Each Defendant in doing the acts or in omitting to act as alleged in this Complaint, was acting within the course and scop of his or her actual apparent authority under such agency, or the alleged acts or omissions of each Defendant as agent were ratified and adopted by each Defendant as principal.

10. Defendants failed to ensure that the accommodations, goods, services, and opportunities were accessible to Plaintiff and other members of the public who have physical disabilities. Defendants' failure to comply with Federal and State access laws proximately caused the violations and ongoing violations and damages to plaintiff complained of below.

**FACTUAL ALLEGATIONS**

11. Defendants discriminated against Plaintiff because Defendants' facilities and policies do not comply with the requirements of the ADA, the Unruh Act, and the California Health and Safety. Defendants have failed and refuse to provide full and equal access to the services, privileges, benefits, and advantages that they provide to persons without disabilities at Valero.

12. The Valero and its facilities, including, but not limited to, its entrances/exits, interior paths of travel, transaction counters, are a "public accommodation" and part of a "business establishment," subject to the requirements of § 301(7) of the ADA (42 U.S.C. § 12181(7)) and of California Civil Code §§ 51 *et seq.*

13. On information and belief, the Valero and its facilities have, since January 26, 1993,

undergone construction, alterations, structural repairs, and/or additions, subjecting the facility to disabled access requirements of 303 of the ADA (42 U.S.C. § 12183). Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations. Irrespective of the Valero's construction and alteration history, removal of the access barriers at the subject premises are subject to the "readily achievable" barrier removal requirements of Title III of the ADA.

14. The Valero is located about three blocks from Plaintiff's home, and she has gone there several times including on September 16, 2022; October 1, 2022; November 20, 2022; and on January 27, 2023. She usually drives to the Valero but has also ridden her scooter directly there from her home. On September 16, 2022; October 1, 2022; and January 27, 2023, Plaintiff went to Valero to purchase gas but could not go inside the mini mart to pay for her gas or to purchase snacks or drinks because the front ramp and the walkway leading from the ramp on the left side of the building were inaccessible to Plaintiff.

15. The makeshift ramp at the front of the mini mart had a considerable slope and a high threshold:



16. The ramp poses a hazard for Plaintiff and thus she cannot use this ramp to enter the mini mart.

17. There is also another ramp at the designated accessible parking on the left side of the building that connects the parking to a walkway that wraps around the building and leads to the mini mart's entrance. This walkway, however, is inaccessible to Plaintiff because her scooter

Complaint for Injunctive and Declaratory Relief and Damages
4

cannot safely fit the width of the walkway due to a protruding object.



18. On November 20, 2022, Plaintiff rode her scooter from her home to Valero in order to purchase a lottery ticket. There was, however, no path of travel from the public sidewalk to the entrance of the mini mart at Valero. Thus, Plaintiff had to risk being struck by a car as she made her way to the mini mart from the public sidewalk. Plaintiff once again could not enter the mini mart because of the inaccessible entrance. Plaintiff kept knocking on the window hoping that the cashier would come out and help Plaintiff purchase the lottery ticket. Despite repeated knocks on the window, Plaintiff was ignored as the cashier continued to serve the able-bodied customers. After about 20 minutes of trying to get assistance, Plaintiff left Valero, shocked by the cashier's disregard for her.

19. Before filing this lawsuit, Plaintiff's accessibility expert did an informal investigation of Valero. While he could not make detailed measurements, he confirmed the barriers encountered by Plaintiff and identified additional barriers: (1) No 2% clear space at door landing; (2) No tow away sign at driveways or at ADA parking; (3) No path of travel from public right of way; (4) Makeshift ramp has slopes over 8.33 %; and (5) Makeshift ramp has flared sides over 10% slope. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's accessibility expert, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011).

20. The Valero is near Plaintiff's home, and she could and would return to the Valero if it is made accessible to her. Plaintiff, however, is deterred from returning to the Valero more often because it remains inaccessible.

21. Plaintiff alleges that it would be a futile gesture to provide notices of violations relating to her continued and/or attempted visits, which are certain to occur regularly following the filing of this Complaint. Therefore, Plaintiff will seek to supplement this Complaint at the time of trial as to subsequent events, according to proof.

22. Defendants knew, or should have known, that these elements and policies rendered Valero inaccessible, violate state and federal law, and interfere with and/or deny access to individuals with similar mobility disabilities. Upon information and belief, Defendants have the financial resources to remove these barriers and make the Valero accessible to persons with physical disabilities. To date, however, Defendants refuse to remove those barriers or to provide full and equal access to the Valero .

23. As a result of Defendants' actions and failures to act and failure to provide disabled access, Plaintiff suffered a denial of her civil rights, emotional discomfort, and denial of rights to full and equal access to public accommodations, all to her general, special, and statutory damages. On each such denial of access, Plaintiff has encountered barriers to full and equal access which have caused her difficulty, discomfort, and embarrassment. Plaintiff has been required to seek legal assistance, and seeks statutory attorney fees, litigation expenses, and costs, pursuant to federal and state law.

24. Plaintiff's goal in this suit is a positive one: to make Valero fully accessible to persons with physical disabilities.

**FIRST CAUSE OF ACTION:**

**VIOLATION OF THE ADA, TITLE III**

**[42 U.S.C. 12101 *et seq.*]**

25. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if

separately repled.

26. Plaintiff is a qualified individual with a disability as defined by the ADA, as she has impairments that substantially limit one or more major life activities.

27. Plaintiff has reasonable grounds for believing she will experience discrimination each time that she may attempt to access and use the subject facilities.

28. The subject property and facility are among the "private entities," which are considered "public accommodations" for purposes of Title III of the ADA. 42 U.S.C. 12181(7).

29. The acts and omissions of Defendants set forth here was in violation of Plaintiff's rights under the ADA and the regulations promulgated under it, 28 C.F.R. Part 36, *et seq.*

30. Plaintiff alleges on information and belief that the Valero was either designed or constructed (or both) after January 26, 1993 -- independently triggering access requirements under Title III of the ADA. Here, Defendants violated the ADA by designing and/or constructing the Valero in a manner that did not comply with federal and state disability access standards even though it was practicable to do so.

31. The removal of each of the barriers complained of by Plaintiff as alleged, was at all times mentioned "readily achievable" under the standards of § 12181 and § 12182 of the ADA. The ability to have an accessible path of travel from the public right of way and an accessible entrance to the Valero's mini mart is a fundamental necessity. Without this ability, Plaintiff is unable to available herself of the goods and services offered at the subject premises on a full and equal basis. Therefore, the benefits of creating access does not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a public accommodation. Furthermore, these are the types of barriers identified by the Department of Justice as being readily achievable to remove, and, in fact, these barriers are readily achievable to remove. Also, as noted throughout this Complaint, removal of each of the architectural barriers complained of here was also required under California law.

32. Plaintiff alleges on information and belief that the Valero was modified after January

26, 1993. Any alterations, structural repairs, or additions since January 26, 1993, have independently triggered requirements for removal of barriers to access for disabled persons per 12183 of the ADA.

33.   Defendants have discriminated against Plaintiff in violation of Title III of the ADA by:

   a) providing benefits to the Valero that are unequal to that afforded to people without disabilities;
   b) failing to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford (and would not fundamentally alter the nature of) the goods, services, facilities, privileges, advantages, or accommodations of the Valero to individuals with disabilities;
   c) failing to remove architectural barriers that are structural in nature in existing facilities where such removal is readily achievable; and
   d) where Defendants can demonstrate the removal of architectural barriers is not readily achievable, failing to make the goods, services, facilities, privileges, advantages, or accommodations of the Valero available through alternative methods if such methods are readily achievable.

34.   On information and belief, as of the date of Plaintiff's visits to the Valero and as of the filing of this Complaint, the subject premises have denied and continue to deny full and equal access to Plaintiff.

35.   Under the ADA, 42 U.S.C. § 12188 *et seq.*, Plaintiff is entitled to the remedies and procedures set forth in 204(a) of the Civil Rights Act of 1964, 42 U.S.C. § 2000(a)-3(a), as she is being subjected to discrimination based on disability in violation of the ADA or has reasonable grounds for believing that she is about to be subjected to discrimination.

36.   Plaintiff seeks relief set forth in 204(a) of the Civil Rights Act of 1964, 42 § U.S.C. 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the ADA.

   WHEREFORE, Plaintiff requests relief as outlined below.

## SECOND CAUSE OF ACTION:

## VIOLATION OF UNRUH CIVIL RIGHTS ACT

### [Cal. Civil Code 51 *et seq.*]

37. Plaintiff repleads and incorporates by reference, as if fully set forth again here, the allegations contained in all paragraphs of this Complaint and incorporates them here by reference as if separately repled hereafter.

38. The Valero is a business establishment within the meaning of the Unruh Act. Defendants are the owners and operators of a business establishment.

39. Defendants violated the Unruh Act by their acts and omissions:

   a) Failure to construct and/or alter the Valero in compliance with state building code and state architectural requirements;

   b) Failure to remove known barriers to access at the Valero ;

   c) Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, and/or services of the Valero ; and Violation of the ADA, a violation of which is a violation of the Unruh Act. Cal. Civil Code 51(f).

40. Plaintiff has experienced barriers to access at the Valero , all of which have caused her major difficulty, discomfort, and embarrassment. Plaintiff suffered mental and emotional damages, including statutory and compensatory damages, according to proof.

41. On information and belief, the Valero and its premises are also illegally inaccessible in multiple other respects. As noted above, the barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

42. These barriers to access render the Valero and its premises inaccessible to and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this Complaint, if necessary, to obtain full injunctive relief as to barriers that limit or

1  deny full and equal access to Plaintiff.

2  43.     Each violation of the ADA constitutes a separate violation of California Civil Code §
3  51(f), thus independently justifying an award of damages and injunctive relief under California
4  law, including, but not limited to, Civil Code § 52(a).

5  44.     As for Defendants' violations of the Unruh Act that are not depended on violations of
6  the ADA, Defendants' behavior was intentional: they were aware of or were made aware of
7  their duties to remove barriers that prevent persons with mobility disabilities like Plaintiff from
8  obtaining full and equal access to the Valero. Defendants' discriminatory practices or policies
9  deny full enjoyment of the Valero to persons with physical disabilities indicate actual and
10 implied malice and conscious disregard for the rights of Plaintiff and other similarly disabled
11 individuals. Defendants have thus engaged in willful affirmative misconduct in violating the
12 Unruh Act.

13 45.     Plaintiff's injuries are ongoing so long as Defendants do not modify their policies and
14 procedures and provide fully accessible facilities to Plaintiff.

15 46.     At all times mentioned, Defendants knew, or in the exercise of reasonable diligence
16 should have known, that their barriers, policies and practices at their facilities violated disabled
17 access requirements and standards and had a discriminatory impact upon Plaintiff and upon
18 other persons with similar mobility disabilities, but Defendants failed to rectify the violations,
19 and presently continues a course of conduct in maintaining barriers that discriminate against
20 Plaintiff and similarly situated persons with disabilities.

21          WHEREFORE, Plaintiff requests relief as outlined below.

**THIRD CLAIM:**

**VIOLATION OF THE CALIFORNIA HEALTH AND SAFETY CODE**

**[Cal. Health and Safety Code §§19955 *et seq.*]**

25 47.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the
26 allegations contained in all paragraphs of this Complaint and incorporates them here as if
27 separately repled.

28

48.     Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, Valero s, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

49.     Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code … ." Health & Safety Code §19956 was operative July 1, 1970 and applies to all public accommodations constructed or altered after that date.

50.     On information and belief, substantial portions of the Valero and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring the Valero to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

51.     Under the authority delegated by Government Code §4450, *et seq.*, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations, and these regulations must be complied with as to any alterations and/or modifications of the Valero and/or the building(s) occurring after that date. Construction changes before this date but after July 1, 1970, triggered access requirements under the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

52.     On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those

contained in the California Building Code.

53. The Valero is a "public-accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq.*

54. As a result of the actions and failure to act by Defendants, and because of the failure to provide proper and legally accessible public facilities, Plaintiff was denied his right to full and equal access to public facilities and suffered a loss of civil rights and rights as a person with physical disabilities to full and equal access to public facilities.

WHEREFORE, Plaintiff requests relief as outlined below.

### PRAYER FOR RELIEF

1. Plaintiff has no adequate remedy at law to redress the wrongs suffered as stated in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of Defendants as alleged here, unless Plaintiff is granted the relief she requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California;

2. Plaintiff requests a declaratory judgment that Defendants' actions, omissions, and failures—including but limited to: failing to remove known architectural barriers at the Valero so as to make the facilities "accessible to and useable by" mobility disabled persons; failing to construct or alter the Valero in compliance with federal access standards, state building code, and state architectural requirements; and failing to make reasonable modifications in policy and practice for Plaintiff and other persons with similar mobility disabilities;

3. Plaintiff requests that the Court issue an order enjoining Defendants, their agents, officials, employees, and all persons and entities acting in concert with it:

   a) From continuing the unlawful acts, conditions, and practices described in this Complaint;

   b) To provide reasonable accommodations for persons with disabilities in all its

    programs, services, and activities at the Valero;

  c) To ensure that persons with disabilities are not denied the benefits of, or participation in, programs, services, and activities at the Valero;

  d) To modify the above-described facilities to provide full and equal access to persons with mobility disabilities, including, without limitation, the removal of all barriers to access where "readily achievable;"

  e) To maintain such accessible facilities once they are provided;

  f) To train Defendants' employees and agents in how to accommodate the rights and needs of physically disabled persons at the Valero;

  g) To implement nondiscrimination protocols, policies, and practices for accommodating persons with mobility disabilities at the Valero.

4. Plaintiff requests that the Court retain jurisdiction over Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of here no longer occur, and cannot recur;

5. Plaintiff requests all appropriate damages, including, but not limited to, statutory, compensatory, and treble damages in an amount within the jurisdiction of the Court, all according to proof;

6. Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law, including, but not limited to, the ADA, 42 U.S.C. 12205; the Unruh Act, California Civil Code 52; and "public interest" attorney fees, litigation expenses and costs under California Code of Civil Procedure 1021.5;

7. Plaintiff requests prejudgment interest under California Civil Code 3291;

8. Plaintiff requests interest on monetary awards as permitted by law; and

9. Plaintiff requests any other relief that this Court may deem just and proper.

Date: February 2, 2023                                    ALLACCESS LAW GROUP

                                         */s/ Irene Karbelashvili*
                                        By IRENE KARBELASHVILI, Esq.
                                        Attorney for Plaintiff
                                        DEBRA VOLLE

## JURY DEMAND

Plaintiff demands a trial by jury for all claims for which a jury is permitted.

Date: February 2, 2023                                    ALLACCESS LAW GROUP

                                         */s/ Irene Karbelashvili*
                                        By IRENE KARBELASHVILI, Esq.
                                        Attorney for Plaintiff
                                        DEBRA VOLLE